Scott E. Kolassa (CA SBN 294732)
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100
skolassa@bclgpc.com

Nancy M. Olson (CA SBN 260303)
David M. Stein (CA SBN 198256)
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Phone: 310.916.7433
nolson@olsonstein.com
dstein@olsonstein.com

United States District Court
Central District of California

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIR TECHNOLOGIES LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC, DISNEY DTC LLC, DISNEY STREAMING SERVICES LLC, DISNEY ENTERTAINMENT & SPORTS LLC, DISNEY PLATFORM DISTRIBUTION, INC., BAMTECH, LLC, HULU, LLC, ESPN, INC., FUBOTV INC., FUBOTV MEDIA LLC, AND HULU LIVE LLC,<br><br>Defendants. | Case No. 8:25-cv-2652<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Tir Technologies Limited ("Plaintiff" or "Tir") makes the following allegations against Defendants The Walt Disney Company, Disney Media and Entertainment Distribution LLC, Disney DTC LLC, Disney Streaming Services LLC, Disney Entertainment & Sports LLC, Disney Platform Distribution, Inc., BAMTech, LLC, Hulu, LLC, ESPN, Inc., fuboTV Inc., fuboTV Media LLC, and Hulu Live LLC,  (collectively, "Defendants" or "Disney"):

## INTRODUCTION

1.    This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in processing devices and systems:  United States Patent Nos. 8,792,347 ("the '347 Patent"), 9,800,633 ("the '633 Patent"), 10,484,442 ("the '442 Patent"), and 10,375,444 (the "'444 Patent" and collectively, the "Asserted Patents").

## PARTIES

2.    Plaintiff Tir Technologies Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Tir is the sole owner by assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3.    On information and belief, Defendant The Walt Disney Company ("TWDC") is a Delaware corporation with a principal place of business at 500 South Buena Vista Street, Burbank, California, 91521.  The Walt Disney Company has designated CSC–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California 95833 as its agent for service of process.  On information and belief, The Walt Disney Company is the parent company that manages and directs operations, together with its subsidiaries, for all Disney video streaming

United States District Court
Central District of California

1    entities.

2        4.    On information and belief, Defendant Disney Media and Entertainment

3    Distribution LLC ("DMED") is a Delaware limited liability company with a

4    principal place of business at 500 South Buena Vista Street, Burbank, California

5    91521.  Disney Media and Entertainment Distribution LLC has designated CSC–

6    Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California

7    95833 as its agent for service of process.  On information and belief, Disney Media

8    and Entertainment Distribution LLC is an indirectly wholly owned subsidiary of the

9    Walt Disney Company that handles profit and loss management, distribution,

10   operations, sales, advertising, data, and technology function for the Disney+, Hulu,

11   Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming

12   services.

13       5.    On information and belief, Defendant Disney DTC LLC ("DDTC") is

14   a Delaware limited liability company with a principal place of business at 500 South

15   Buena Vista Street, Burbank, California 91521.  Disney DTC LLC has designated

16   CSC–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento,

17   California 95833 as its agent for service of process.  On information and belief,

18   Disney DTC LLC is an indirectly wholly owned subsidiary of The Walt Disney

19   Company that is responsible for content planning and management, third party

20   media sales efforts, affiliate marketing, affiliate related business operations, contract

21   negotiation for distribution deals, and procuring content delivery network and cloud

22   computing for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN

23   Unlimited, and fuboTV video streaming services.

24       6.    On information and belief, Defendant Disney Streaming Services LLC

25   ("DSS") is a Delaware limited liability company with a principal place of business

26   at 500 South Buena Vista Street, Burbank, California 91521.  Disney Streaming

27   Services LLC has designated CSC–Lawyers Incorporating Service, 2710 Gateway

28   Oaks Drive, Sacramento, California 95833 as its agent for service of process.  On

United States District Court
Central District of California

- 3 -

information and belief, Disney Streaming Services LLC is an indirectly wholly owned subsidiary of the Walt Disney Company and provides financial and marketing functions for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

7.    On information and belief, Defendant Disney Entertainment & Sports LLC ("DES"), formerly known as Disney Streaming Technology LLC and/or Disney Technology LLC,6 is a Delaware limited liability company with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521. Disney Entertainment & Sports LLC has designated CSC–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California 95833 as its agent for service of process. On information and belief, Disney Entertainment & Sports LLC is an indirectly wholly owned subsidiary of the Walt Disney Company and design and maintains the websites for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

8.    On information and belief, Defendant Disney Platform Distribution, Inc. ("DPD") is a Delaware corporation with a principal place of business at 500 South Buena Vista Street, Burbank, California 91521.  Disney Platform Distribution, Inc. has designated CSC–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California 95833 as its agent for service of process.   On information and belief, Disney Platform Distribution, Inc. is an indirectly wholly owned subsidiary of The Walt Disney Company that manages distribution efforts, affiliate marketing, affiliate-related business operations, contract negotiation, content delivery networks, and cloud computing services for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

9.    On information and belief, Defendant BAMTech, LLC ("BAMTech") is a Delaware limited liability company with a principal place of business at 1211 Avenue of the Americas, New York, New York 10036. BAMTech, LLC has

United States District Court
Central District of California

designated CSC–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California 95833 as its agent for service of process. On information and belief, BAMTech, LLC is an indirect subsidiary of The Walt Disney Company, which owns 80% of BAMTech, and Hearst Brazil, Inc., a subsidiary of The Hearst Corporation, which owns the remaining 20% of BAMTech. On information and belief, BAMTech, LLC is responsible for developing and maintaining the ESPN+ website, in addition to providing technology that is used in connection with the Disney+, Hulu, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

10.    On information and belief, Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company with a principal place of business at 2500 Broadway, Santa Monica, California 90404. Hulu, LLC has designated CSC–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California 95833 as its agent for service of process. On information and belief, Hulu, LLC is an indirect subsidiary of the Walt Disney Company, which owns 66.67% of Hulu, and Comcast Hulu Holdings, LLC, a subsidiary of Comcast Corporation, which owns the remaining 33.33% of Hulu. On information and belief, Hulu, LLC operates the Hulu and Hulu+Live TV video streaming services.

11.    On information and belief, Defendant ESPN, Inc. ("ESPN") is a Delaware corporation with a principal place of business at ESPN Plaza, Bristol, Connecticut 06010. ESPN, Inc. has designated CSC–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California 95833 as its agent for service of process. On information and belief, ESPN, Inc. is an indirect subsidiary of the Walt Disney Company, which owns 80% of ESPN, and Hearst Brazil, Inc., a subsidiary of The Hearst Corporation, which owns the remaining 20% of ESPN. On information and belief, ESPN, Inc. manages and operates the ESPN+, ESPN Select, and ESPN Unlimited video streaming service.

12.    On information and belief, Defendant fuboTV Inc. is a Delaware

corporation with a principal place of business at 1290 Avenue of the Americas, New York, New York 10036. fuboTV Inc. has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. On information and belief, fuboTV Inc. is an indirect subsidiary of The Walt Disney Company, which owns 70% of fuboTV Inc.

13. On information and belief, Defendant fuboTV Media LLC ("fuboTV Media") is a Delaware limited liability company with a principal place of business at 1290 Avenue of the Americas, New York, New York 10036. fuboTV Media LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. On information and belief, fuboTV Media LLC is a wholly owned subsidiary of fuboTV Inc. On information and belief, fuboTV Media LLC is responsible for developing and providing technology that is used in connection with the fuboTV video streaming service.

14. On information and belief, Defendant Hulu Live LLC ("Hulu Live") is a Delaware limited liability company with a principal place of business at 1290 Avenue of the Americas, New York, New York 10036. Hulu Live LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for service of process. On information and belief, Hulu Live LLC is an indirectly wholly owned subsidiary of The Walt Disney Company that manages and operates the fuboTV video streaming services.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Defendants are subject to this Court's personal jurisdiction consistent with the principles of due process and/or the California Long Arm Statute. This Court has general personal jurisdiction over Defendants because each of their affiliations with the State of California are so systematic and continuous to render

United States District Court
Central District of California

each Defendant at home in California.   This Court also has specific personal jurisdiction over Defendants because each Defendant has committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice.   Each of the Defendants, directly and through subsidiaries or intermediaries, has engaged in continuous and systematic business activities within California, including in the Central District of California. Personal jurisdiction also exists over Defendants because each Defendant, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products and/or services within California, including in the Central District of California, that infringe one or more claims of the Asserted Patents. Further, on information and belief, Defendants have placed or contributed to placing infringing products and/or services into the stream of commerce knowing or understanding that such products and/or services would be sold and used in the United States, including in this District. Defendants are registered to do business in California and maintain agents authorized to receive service of process within California.

17.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because each of the Defendants has committed acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products and/or services that infringe the Asserted Patents, and each has regular and established places of business in this District.  TWDC, DMED, DDTC, DES, DSS, DPD, and Hulu maintain their principal places of business from where they direct business activities in Los Angeles County, within this judicial district.  ESPN maintains an office within this district at 800 W. Olympic Blvd., Los Angeles, California 90015. Defendants have also admitted that the Central District of California is a proper venue for patent infringement actions brought against them. *See Interdigital, Inc. et al. v. The Walt Disney Company et al.*, No. 2:25-cv-895 (C.D. Cal.

2025), Dkt. 42, ¶ 21 ("Disney [TWDC, DMED, DDTC, DES, DSS, DPD, BAMTech, Hulu, and ESPN] does not dispute venue is proper in this judicial district for this action only"); *WAG Acquisition, LLC v. The Walt Disney Company et al.*, No. 2:21-cv-08230 (C.D. Cal. 2021), Dkt. 74 ¶ 3 ("Disney admits that it has a regular and established place of business in the District and that, in this case, venue is proper in the District."); *Id.* at Dkt. 90 ¶ 3 ("DSS and Hulu admit that they have a regular and established place of business in the District and that, in this case, venue is proper in the District."); *Id.* at Dkt. 99 ¶ 3 ("[DES], DPD, ESPN, and BAMTech admit they have a regular and established place of business in the District and that, in this case, venue is proper in the District.").

## THE WALT DISNEY COMPANY

18.    On information and belief, TWDC manages and directs the operations of the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services.   On information and belief, TWDC employs and controls executives or other employees responsible for Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV.

19.    On information and belief, TWDC directs and controls the actions and performance of DMED, including those related to infringement of the Asserted Patents.  On information and belief, TWDC conditions benefits derived by DMED on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by DMED, including those related to infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of DMED.  On information and belief, TWDC has the rights, powers, or abilities to cause DMED to stop or limit its infringing activities.  TWDC has not exercised its rights, powers, or abilities to cause DMED to stop or limit its infringing activities.  TWDC is vicariously liable for the infringing activities of DMED.

United States District Court
Central District of California

20.   On information and belief, TWDC directs and controls the actions and performance of DDTC, including those related to infringement of the Asserted Patents.  On information and belief, TWDC conditions benefits derived by DDTC on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by DDTC, including those related to infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of DDTC.  On information and belief, TWDC has the rights, powers, or abilities to cause DDTC to stop or limit its infringing activities.  TWDC has not exercised its rights, powers, or abilities to cause DDTC to stop or limit its infringing activities.  TWDC is vicariously liable for the infringing activities of DDTC.

21.   On information and belief, TWDC directs and controls the actions and performance of DSS, including those related to infringement of the Asserted Patents.  On information and belief, TWDC conditions benefits derived by DSS on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by DSS, including those related to infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of DSS.  On information and belief, TWDC has the rights, powers, or abilities to cause DSS to stop or limit its infringing activities.  TWDC has not exercised its rights, powers, or abilities to cause DSS to stop or limit its infringing activities.  TWDC is vicariously liable for the infringing activities of DSS.

22.   On information and belief, TWDC directs and controls the actions and performance of DES, including those related to infringement of the Asserted Patents.  On information and belief, TWDC conditions benefits derived by DES on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by DES, including those related to infringement of the

United States District Court
Central District of California

- 9 -

Asserted Patents. On information and belief, TWDC profits from the activities of DES. On information and belief, TWDC has the rights, powers, or abilities to cause DES to stop or limit its infringing activities. TWDC has not exercised its rights, powers, or abilities to cause DES to stop or limit its infringing activities. TWDC is vicariously liable for the infringing activities of DES.

23. On information and belief, TWDC directs and controls the actions and performance of DPD, including those related to infringement of the Asserted Patents. On information and belief, TWDC conditions benefits derived by DPD on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, TWDC specifies the timing and manner of the performance of activities by DPD, including those related to infringement of the Asserted Patents. On information and belief, TWDC profits from the activities of DPD. On information and belief, TWDC has the rights, powers, or abilities to cause DPD to stop or limit its infringing activities. TWDC has not exercised its rights, powers, or abilities to cause DPD to stop or limit its infringing activities. TWDC is vicariously liable for the infringing activities of DPD.

24. On information and belief, TWDC directs and controls the actions and performance of BAMTech, including those related to infringement of the Asserted Patents. On information and belief, TWDC conditions benefits derived by BAMTech on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, TWDC specifies the timing and manner of the performance of activities by BAMTech, including those related to infringement of the Asserted Patents. On information and belief, TWDC profits from the activities of BAMTech. On information and belief, TWDC has the rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities. TWDC has not exercised its rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities. TWDC is vicariously liable for the infringing activities of BAMTech.

United States District Court
Central District of California

25.    On information and belief, TWDC directs and controls the actions and performance of Hulu, including those related to infringement of the Asserted Patents. On information and belief, TWDC conditions benefits derived by Hulu on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by Hulu, including those related to infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of Hulu.  On information and belief, TWDC has the rights, powers, or abilities to cause Hulu to stop or limit its infringing activities.  TWDC has not exercised its rights, powers, or abilities to cause Hulu to stop or limit its infringing activities.  TWDC is vicariously liable for the infringing activities of Hulu.

26.    On information and belief, TWDC directs and controls the actions and performance of ESPN, including those related to infringement of the Asserted Patents. On information and belief, TWDC conditions benefits derived by ESPN on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by ESPN, including those related to infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of ESPN.  On information and belief, TWDC has the rights, powers, or abilities to cause ESPN to stop or limit its infringing activities.  TWDC has not exercised its rights, powers, or abilities to cause ESPN to stop or limit its infringing activities.  TWDC is vicariously liable for the infringing activities of ESPN.

27.    On information and belief, TWDC directs and controls the actions and performance of fuboTV Inc., including those related to infringement of the Asserted Patents.  On information and belief, TWDC conditions benefits derived by fuboTV Inc. on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by fuboTV Inc., including those related to

United States District Court
Central District of California

infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of fuboTV Inc.  On information and belief, TWDC has the rights, powers, or abilities to cause fuboTV Inc. to stop or limit its infringing activities. TWDC has not exercised its rights, powers, or abilities to cause fuboTV Inc. to stop or limit its infringing activities.  TWDC is vicariously liable for the infringing activities of fuboTV Inc.

28.    On information and belief, TWDC directs and controls the actions and performance of fuboTV Media, including those related to infringement of the Asserted Patents.  On information and belief, TWDC conditions benefits derived by fuboTV Media on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by fuboTV Media, including those related to infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of fuboTV Media.  On information and belief, TWDC has the rights, powers, or abilities to cause fuboTV Media to stop or limit its infringing activities.  TWDC has not exercised its rights, powers, or abilities to cause fuboTV Media to stop or limit its infringing activities.  TWDC is vicariously liable for the infringing activities of fuboTV Media.

29.    On information and belief, TWDC directs and controls the actions and performance of Hulu Live, including those related to infringement of the Asserted Patents.  On information and belief, TWDC conditions benefits derived by Hulu Live on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, TWDC specifies the timing and manner of the performance of activities by Hulu Live, including those related to infringement of the Asserted Patents.  On information and belief, TWDC profits from the activities of Hulu Live.  On information and belief, TWDC has the rights, powers, or abilities to cause Hulu Live to stop or limit its infringing activities.  TWDC has not exercised

its rights, powers, or abilities to cause Hulu Live to stop or limit its infringing activities. TWDC is vicariously liable for the infringing activities of Hulu Live.

### DISNEY MEDIA AND ENTERTAINMENT DISTRIBUTION LLC

30. On information and belief, DMED manages and operates the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services. On information and belief, DMED is responsible for the profit and loss management and distribution, operations, sales, advertising, data, and technology functions for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

31. On information and belief, DMED is an agent of TWDC.

32. On information and belief, DMED directs and controls the actions and performance of DDTC, including those related to infringement of the Asserted Patents. On information and belief, DMED conditions benefits derived by DDTC on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DMED specifies the timing and manner of the performance of activities by DDTC, including those related to infringement of the Asserted Patents. On information and belief, DMED profits from the activities of DDTC. On information and belief, DMED has the rights, powers, or abilities to cause DDTC to stop or limit its infringing activities. DMED has not exercised its rights, powers, or abilities to cause DDTC to stop or limit its infringing activities. DMED is vicariously liable for the infringing activities of DDTC.

33. On information and belief, DMED directs and controls the actions and performance of DSS, including those related to infringement of the Asserted Patents. On information and belief, DMED conditions benefits derived by DSS on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DMED specifies the timing and manner of the performance of activities by DSS, including those related to infringement of the Asserted Patents. On information and belief, DMED profits from the activities of

United States District Court
Central District of California

DSS.  On information and belief, DMED has the rights, powers, or abilities to cause DSS to stop or limit its infringing activities.  DMED has not exercised its rights, powers, or abilities to cause DSS to stop or limit its infringing activities.  DMED is vicariously liable for the infringing activities of DSS.

34.    On information and belief, DMED directs and controls the actions and performance of DES, including those related to infringement of the Asserted Patents. On information and belief, DMED conditions benefits derived by DES on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, DMED specifies the timing and manner of the performance of activities by DES, including those related to infringement of the Asserted Patents.  On information and belief, DMED profits from the activities of DES.  On information and belief, DMED has the rights, powers, or abilities to cause DES to stop or limit its infringing activities.  DMED has not exercised its rights, powers, or abilities to cause DES to stop or limit its infringing activities.  DMED is vicariously liable for the infringing activities of DES.

35.    On information and belief, DMED directs and controls the actions and performance of DPD, including those related to infringement of the Asserted Patents. On information and belief, DMED conditions benefits derived by DPD on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, DMED specifies the timing and manner of the performance of activities by DPD, including those related to infringement of the Asserted Patents.  On information and belief, DMED profits from the activities of DPD.  On information and belief, DMED has the rights, powers, or abilities to cause DPD to stop or limit its infringing activities.  DMED has not exercised its rights, powers, or abilities to cause DPD to stop or limit its infringing activities.  DMED is vicariously liable for the infringing activities of DPD.

36.    On information and belief, DMED directs and controls the actions and performance of BAMTech, including those related to infringement of the Asserted

United States District Court
Central District of California

Patents. On information and belief, DMED conditions benefits derived by BAMTech on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DMED specifies the timing and manner of the performance of activities by BAMTech, including those related to infringement of the Asserted Patents. On information and belief, DMED profits from the activities of BAMTech. On information and belief, DMED has the rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities. DMED has not exercised its rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities. DMED is vicariously liable for the infringing activities of BAMTech.

37. On information and belief, DMED directs and controls the actions and performance of Hulu, including those related to infringement of the Asserted Patents. On information and belief, DMED conditions benefits derived by Hulu on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DMED specifies the timing and manner of the performance of activities by Hulu, including those related to infringement of the Asserted Patents. On information and belief, DMED profits from the activities of Hulu. On information and belief, DMED has the rights, powers, or abilities to cause Hulu to stop or limit its infringing activities. DMED has not exercised its rights, powers, or abilities to cause Hulu to stop or limit its infringing activities. DMED is vicariously liable for the infringing activities of Hulu.

38. On information and belief, DMED directs and controls the actions and performance of ESPN, including those related to infringement of the Asserted Patents. On information and belief, DMED conditions benefits derived by ESPN on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DMED specifies the timing and manner of the performance of activities by ESPN, including those related to infringement of the Asserted Patents. On information and belief, DMED profits from the activities of ESPN. On information and belief, DMED has the rights, powers, or abilities to cause

ESPN to stop or limit its infringing activities. DMED has not exercised its rights, powers, or abilities to cause ESPN to stop or limit its infringing activities. DMED is vicariously liable for the infringing activities of ESPN.

**DISNEY DTC LLC**

39.    On information and belief, DDTC is responsible for content management and planning for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services. On information and belief, DDTC manages third-party media sales efforts for distribution, affiliate marketing, and affiliate-related business operations for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services. On information and belief, DDTC negotiates contracts for the distribution of content for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services. On information and belief, DDTC procures content delivery network and cloud computing services for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

40.    On information and belief, DDTC is an agent of TWDC, DMED, DSS and DES.

**DISNEY STREAMING SERVICES LLC**

41.    On information and belief, DSS provides finance and marketing functions for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

42.    On information and belief, DSS is an agent of TWDC and DMED.

43.    On information and belief, DSS directs and controls the actions and performance of DDTC, including those related to infringement of the Asserted Patents. On information and belief, DSS conditions benefits derived by DDTC on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DSS specifies the timing and manner of the performance of activities by DDTC, including those related to infringement of the

United States District Court
Central District of California

Asserted Patents. On information and belief, DSS profits from the activities of DDTC. On information and belief, DSS has the rights, powers, or abilities to cause DDTC to stop or limit its infringing activities. DSS has not exercised its rights, powers, or abilities to cause DDTC to stop or limit its infringing activities. DSS is vicariously liable for the infringing activities of DDTC.

44. On information and belief, DSS directs and controls the actions and performance of DES, including those related to infringement of the Asserted Patents. On information and belief, DSS conditions benefits derived by DES on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DSS specifies the timing and manner of the performance of activities by DES, including those related to infringement of the Asserted Patents. On information and belief, DSS profits from the activities of DES. On information and belief, DSS has the rights, powers, or abilities to cause DES to stop or limit its infringing activities. DSS has not exercised its rights, powers, or abilities to cause DES to stop or limit its infringing activities. DSS is vicariously liable for the infringing activities of DES.

45. On information and belief, DSS directs and controls the actions and performance of DPD, including those related to infringement of the Asserted Patents. On information and belief, DSS conditions benefits derived by DPD on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DSS specifies the timing and manner of the performance of activities by DPD, including those related to infringement of the Asserted Patents. On information and belief, DSS profits from the activities of DPD. On information and belief, DSS has the rights, powers, or abilities to cause DPD to stop or limit its infringing activities. DSS has not exercised its rights, powers, or abilities to cause DPD to stop or limit its infringing activities. DSS is vicariously liable for the infringing activities of DPD.

United States District Court
Central District of California

United States District Court
Central District of California

46.    On information and belief, DSS directs and controls the actions and performance of BAMTech, including those related to infringement of the Asserted Patents.  On information and belief, DSS conditions benefits derived by BAMTech on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, DSS specifies the timing and manner of the performance of activities by BAMTech, including those related to infringement of the Asserted Patents.  On information and belief, DSS profits from the activities of BAMTech.  On information and belief, DSS has the rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities.  DSS has not exercised its rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities.  DSS is vicariously liable for the infringing activities of BAMTech.

47.    On information and belief, DSS directs and controls the actions and performance of Hulu, including those related to infringement of the Asserted Patents.  On information and belief, DSS conditions benefits derived by Hulu on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, DSS specifies the timing and manner of the performance of activities by Hulu, including those related to infringement of the Asserted Patents.  On information and belief, DSS profits from the activities of Hulu.  On information and belief, DSS has the rights, powers, or abilities to cause Hulu to stop or limit its infringing activities.  DSS has not exercised its rights, powers, or abilities to cause Hulu to stop or limit its infringing activities.  DSS is vicariously liable for the infringing activities of Hulu.

48.    On information and belief, DSS directs and controls the actions and performance of ESPN, including those related to infringement of the Asserted Patents.  On information and belief, DSS conditions benefits derived by ESPN on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, DSS specifies the timing and manner of the performance of activities by ESPN, including those related to infringement of the

United States District Court
Central District of California

Asserted Patents.  On information and belief, DSS profits from the activities of ESPN.  On information and belief, DSS has the rights, powers, or abilities to cause ESPN to stop or limit its infringing activities.  DSS has not exercised its rights, powers, or abilities to cause ESPN to stop or limit its infringing activities.  DSS is vicariously liable for the infringing activities of ESPN.

## <u>DISNEY ENTERTAINMENT & SPORTS LLC</u>

49.    On information and belief, DES designs and maintains the front-end and backend infrastructure for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On information and belief, DES builds and maintains critical back-end services responsible for supporting streaming media subscriptions on the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On information and belief, DES is responsible for end-to-end development for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On information and belief, DES provides the technological backbone and product development for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

50.    On information and belief, DES is an agent of TWDC, DMED, and DSS.

51.    On information and belief, DES directs and controls the actions and performance of DDTC, including those related to infringement of the Asserted Patents.  On information and belief, DES conditions benefits derived by DDTC on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, DES specifies the timing and manner of the performance of activities by DDTC, including those related to infringement of the Asserted Patents.  On information and belief, DES profits from the activities of DDTC.  On information and belief, DES has the rights, powers, or abilities to cause DDTC to stop or limit its infringing activities.  DES has not exercised its rights,

powers, or abilities to cause DDTC to stop or limit its infringing activities. DES is vicariously liable for the infringing activities of DDTC.

52.    On information and belief, DES directs and controls the actions and performance of DPD, including those related to infringement of the Asserted Patents. On information and belief, DES conditions benefits derived by DPD on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DES specifies the timing and manner of the performance of activities by DPD, including those related to infringement of the Asserted Patents. On information and belief, DES profits from the activities of DPD. On information and belief, DES has the rights, powers, or abilities to cause DPD to stop or limit its infringing activities. DES has not exercised its rights, powers, or abilities to cause DPD to stop or limit its infringing activities. DES is vicariously liable for the infringing activities of DPD.

53.    On information and belief, DES directs and controls the actions and performance of BAMTech, including those related to infringement of the Asserted Patents. On information and belief, DES conditions benefits derived by BAMTech on the performance of activities, including those related to infringement of the Asserted Patents. On information and belief, DES specifies the timing and manner of the performance of activities by BAMTech, including those related to infringement of the Asserted Patents. On information and belief, DES profits from the activities of BAMTech. On information and belief, DES has the rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities. DES has not exercised its rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities. DES is vicariously liable for the infringing activities of BAMTech.

54.    On information and belief, DES directs and controls the actions and performance of Hulu, including those related to infringement of the Asserted Patents. On information and belief, DES conditions benefits derived by Hulu on the performance of activities, including those related to infringement of the Asserted

United States District Court
Central District of California

Patents.  On information and belief, DES specifies the timing and manner of the performance of activities by Hulu, including those related to infringement of the Asserted Patents.  On information and belief, DES profits from the activities of Hulu.  On information and belief, DES has the rights, powers, or abilities to cause Hulu to stop or limit its infringing activities.  DES has not exercised its rights, powers, or abilities to cause Hulu to stop or limit its infringing activities.  DES is vicariously liable for the infringing activities of Hulu.

55.    On information and belief, DES directs and controls the actions and performance of ESPN, including those related to infringement of the Asserted Patents.  On information and belief, DES conditions benefits derived by ESPN on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, DES specifies the timing and manner of the performance of activities by ESPN, including those related to infringement of the Asserted Patents.  On information and belief, DES profits from the activities of ESPN.  On information and belief, DES has the rights, powers, or abilities to cause ESPN to stop or limit its infringing activities.  DES has not exercised its rights, powers, or abilities to cause ESPN to stop or limit its infringing activities.  DES is vicariously liable for the infringing activities of ESPN.

## DISNEY PLATFORM DISTRIBUTION, INC.

56.    On information and belief, DPD manages third-party media sales efforts for distribution, affiliate marketing, and affiliate-related business operations for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On information and belief, DPD negotiates contracts for the distribution of content for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On information and belief, DPD procures content delivery network and cloud computing services for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming

United States District Court
Central District of California

1   services.  On information and belief, DPD is a party to the subscriber agreement for

2   Disney+.

3       57.    On information and belief, DPD is an agent of TWDC, DMED, DSS,

4   and DES.

5                              **BAMTECH, LLC**

6       58.    On information and belief, BAMTech develops and maintains the

7   Disney+, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On

8   information and belief, BAMTech designs and maintains the front-end and back-end

9   infrastructure for the Disney+, ESPN+, ESPN Select, and ESPN Unlimited video

10  streaming services.  On information and belief, BAMTech builds and maintains

11  critical back-end services responsible for supporting streaming media subscriptions

12  for the Disney+, ESPN+, ESPN Select, and ESPN Unlimited video streaming

13  services.  On information and belief, BAMTech is responsible for end-to-end

14  development for the Disney+, ESPN+, ESPN Select, and ESPN Unlimited video

15  streaming services.  On information and belief, BAMTech provides the technological

16  backbone and product development for the Disney+, ESPN+, ESPN Select, and ESPN

17  Unlimited video streaming services.  On information and belief, BAMTech is a party

18  to the subscriber agreement for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN

19  Select, and ESPN Unlimited video streaming services.

20      59.    On information and belief, BAMTech is an agent of TWDC, DMED,

21  DSS, DES, and ESPN.

22                              **HULU, LLC**

23      60.    On information and belief, Hulu develops and maintains the Hulu video

24  streaming service.  On information and belief, Hulu designs and maintains the front-

25  end and back-end infrastructure for the Hulu video streaming service.  On

26  information and belief, Hulu builds and maintains critical back-end services

27  responsible for supporting streaming media subscriptions for the Hulu video

28  streaming service.  On information and belief, Hulu is responsible for end-to-end

development for the Hulu video streaming service.  On information and belief, Hulu provides the technological backbone and product development for the Hulu video streaming service.  On information and belief, Hulu is a party to the subscriber agreement for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

61.    On information and belief, Hulu has developed and maintained the Hulu+Live TV video streaming service.  On information and belief, Hulu has designed and maintained the front-end and back-end infrastructure for the Hulu+Live TV video streaming service.  On information and belief, Hulu has built and maintained critical back-end services responsible for supporting streaming media subscriptions for the Hulu+Live TV video streaming service.  On information and belief, Hulu has been responsible for end-to-end development for the Hulu+Live TV video streaming service.  On information and belief, Hulu has provided the technological backbone and product development for the Hulu+Live TV video streaming service.

62.    On information and belief, Hulu is an agent of TWDC, DMED, DSS, and DES.

## ESPN, INC.

63.    On information and belief, ESPN manages and operates the ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On information and belief, ESPN is responsible for content management and planning for the ESPN+, ESPN Select, and ESPN Unlimited video streaming services.  On information and belief, ESPN is responsible for financing and marketing functions for the ESPN+, ESPN Select, and ESPN Unlimited video streaming services.

64.    On information and belief, ESPN is an agent of TWDC, DMED, DSS, and DES.

65.    On information and belief, ESPN directs and controls the actions and performance of BAMTech, including those related to infringement of the Asserted

United States District Court
Central District of California

Patents.  On information and belief, ESPN conditions benefits derived by BAMTech on the performance of activities, including those related to infringement of the Asserted Patents.  On information and belief, ESPN specifies the timing and manner of the performance of activities by BAMTech including those related to infringement of the Asserted Patents.  On information and belief, ESPN profits from the activities of BAMTech.  On information and belief, ESPN has the rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities.  ESPN has not exercised its rights, powers, or abilities to cause BAMTech to stop or limit its infringing activities.  ESPN is vicariously liable for the infringing activities of BAMTech.

## FUBOTV INC.

66.    On information and belief, fuboTV Inc. manages and directs the operations of the fuboTV video streaming service.    On information and belief, fuboTV Inc. employs and controls executives or other employees responsible for fuboTV.  On information and belief, fuboTV Inc. is a party to the Terms of Service agreement for the fuboTV video streaming service.

67.    On information and belief, fuboTV Inc. is an agent of TWDC.

68.    On information and belief, fuboTV Inc. directs and controls the actions and performance of fuboTV Media, including those related to infringement of the Asserted Patents.  On information and belief, fuboTV Inc. conditions benefits derived by fuboTV Media on the performance of activities, including those related to infringement of the Asserted Patents.    On information and belief, fuboTV Inc. specifies the timing and manner of the performance of activities by fuboTV Media, including those related to infringement of the Asserted Patents.  On information and belief, fuboTV Inc. profits from the activities of fuboTV Media.  On information and belief, fuboTV Inc. has the rights, powers, or abilities to cause fuboTV Media to stop or limit its infringing activities.  fuboTV Inc. has not exercised its rights, powers, or abilities to cause fuboTV Media to stop or limit its infringing activities.  fuboTV Inc. is vicariously liable for the infringing activities of fuboTV Media.

United States District Court
Central District of California

1

## FUBOTV MEDIA LLC

2    69.    On information and belief, fuboTV Media develops and maintains the

3    fuboTV video streaming service.  On information and belief, fuboTV Media designs

4    and maintains the front-end and back-end infrastructure for the fuboTV video

5    streaming service.   On information and belief, fuboTV Media builds and maintains

6    critical back-end services responsible for supporting streaming media subscriptions

7    for the fuboTV video streaming service.  On information and belief, fuboTV Media

8    is responsible for end-to-end development for the fuboTV video streaming service.

9    On information and belief, fuboTV Media provides the technological backbone and

10   product development for the fuboTV video streaming service.  On information and

11   belief, fuboTV Media is a party to the Terms of Service agreement for the fuboTV

12   video streaming service.

13   70.    On information and belief, fuboTV Media is an agent of TWDC, and

14   fuboTV Inc.

15

## HULU LIVE LLC

16   71.    On information and belief, Hulu Live develops and maintains the

17   Hulu+Live TV video streaming service.  On information and belief, Hulu Live

18   designs and maintains the front-end and back-end infrastructure for the Hulu+Live

19   TV video streaming service.   On information and belief, Hulu Live builds and

20   maintains critical back-end services responsible for supporting streaming media

21   subscriptions for the Hulu+Live TV video streaming service.  On information and

22   belief, Hulu Live is responsible for end-to-end development for the Hulu+Live TV

23   video streaming service.   On information and belief, Hulu Live provides the

24   technological backbone and product development for the Hulu+Live TV video

25   streaming service.  On information and belief, Hulu Live is a party to the subscriber

26   agreement for the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN

27   Unlimited video streaming services.

28

72.     On information and belief, Hulu Live is an agent of TWDC, fuboTV Inc., and fuboTV Media.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,792,347

73.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

74.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,792,347, titled "Real-time network monitoring and subscriber identification with an on-demand appliance."  The '347 Patent was duly and legally issued by the United States Patent and Trademark Office on July 29, 2014.  The '347 Patent is valid and enforceable.  A true and correct copy of the '347 Patent is attached hereto as Exhibit 1.

75.     Upon information and belief, Defendants have directly infringed and continue to directly infringe under 35 U.S.C. §§ 271 (a), literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 8,792,347, including at least claim 1, by performing each step of the claimed method and/or by directing or controlling the performance of such steps by third parties.  Defendants, including without limitation through the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services using multiple content delivery networks ("CDNs"), including those of Amazon Web Services, offer, provide, maintain, operate, and administer selective traffic monitoring services in a service provider network that performs the steps of the claimed method either directly through their own actions, through the operation of equipment under their control, or through customers acting under conditions established and orchestrated by Defendants (the "Accused Products and Services").  By making, using, offering for sale, selling and/or importing into the United States the Accused Products and

United States District Court
Central District of California

Services, Defendants have injured Plaintiff and are liable for infringement of the '347 Patent pursuant to 35 U.S.C. § 271(a).

76.    The Accused Products and Services satisfy all claim limitations of one or more claims of the '347 Patent.  A claim chart comparing exemplary independent claim 1 of the '347 Patent to representative Accused Products and Services is attached as Exhibit 2.

77.    Defendants knowingly and intentionally induced infringement, and continue to do so, of one or more claims of the '347 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '347 Patent and intent that such infringement occur.  At least as of the filing and service of this Complaint, Defendants have knowledge of the '347 Patent and the infringing nature of the Accused Products and Services through, for example, the '347 Patent claim chart served herewith.   At present, Plaintiff does not allege that Defendants induced infringement of the '347 Patent in violation of 35 U.S.C. § 271(b) prior to the filing and service of this Complaint.

78.    Despite this knowledge of the '347 Patent, Defendants continue actively encouraging and instructing their customers and end users (for example, through online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products and Services in ways that directly infringe the '347 Patent.  For example, Defendants advertise the use of the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services.  *See* Ex. 3 (https://help.disneyplus.com/article/disneyplus-en-us-introduction, "Getting started with Disney+"); Ex. 4 (https://press.hulu.com/corporate/, "About Hulu"); Ex. 5 (https://help.hulu.com/article/hulu-what-is-hulu-live-tv, "Hulu + Live TV plans"); Ex. 6 (https://support.espn.com/hc/en-us/sections/13616798199188-Getting-Started, "Getting Started"); Ex. 7 (https://support.fubo.tv/hc/en-us/articles/115003481307-

United States District Court
Central District of California

United States District Court
Central District of California

1    What-channels-are-available-on-Fubo).  Further, Defendants provide Disney+, Hulu,

2    Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming

3    users with instructions and user guides detailing how to setup, configure, and use the

4    Accused Products and Services to utilize the infringing functionality. *See* Ex. 8

5    (https://help.disneyplus.com/article/disneyplus-log-in, "How to watch Disney+ on

6    your TV"); Ex. 9 (https://help.hulu.com/article/hulu-download-hulu, "Download the

7    Hulu app on your device"); Ex. 10 (https://support.espn.com/hc/en-

8    us/articles/13624319373332-Troubleshooting-Playback-and-Streaming-Issues,

9    "Troubleshooting Playback and Streaming Issues"); Ex. 11

10   (https://support.fubo.tv/hc/en-us/articles/115002183228-What-devices-can-I-watch-

11   Fubo-on).  Defendants provide these instructions, and other materials, knowing and

12   intending (or with willful blindness to the fact) that Disney+, Hulu, Hulu+Live TV,

13   ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming users will

14   commit these infringing acts.  Defendants also continue to make, use, offer for sale,

15   sell, and/or import the Accused Products and Services, despite their knowledge of

16   the '347 Patent, thereby specifically intending for and inducing Disney+, Hulu,

17   Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming

18   users to infringe the '347 Patent through the users' normal and customary use of the

19   Accused Products and Services.

20       79.    Defendants have also knowingly contributed to the infringement, and

21   continue to do so, of one or more claims of the '347 Patent in violation of 35 U.S.C.

22   § 271(c) by selling, offering for sale, or importing into the United States, the Accused

23   Products and Services, knowing that the Accused Products and Services constitute a

24   material part of the inventions claimed in the '347 Patent, are especially made or

25   adapted to infringe the '347 Patent, and are not staple articles or commodities of

26   commerce suitable for non-infringing use.  At least as of the filing and service of this

27   Complaint, Defendants have knowledge of the '347 Patent and the infringing nature

28   of the Accused Products and Services through, for example, the '347 Patent claim

United States District Court
Central District of California

chart served herewith. For example, the accused traffic monitoring features constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2. At present, Plaintiff does not allege that Defendants contributed to infringement of the '347 Patent in violation of 35 U.S.C. § 271(c) prior to the filing and service of this Complaint.

80.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '347 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '347 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '347 Patent during the relevant time period or were not required to mark during the relevant time period.

81.     As a result of Defendants' direct infringement of the '347 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

82.     As a result of Defendants' indirect infringement of the '347 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendant obtained knowledge of the '347 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,800,633

83.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

United States District Court
Central District of California

84.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,800,633, titled "Just-in-time distributed video cache." The '633 Patent was duly and legally issued by the United States Patent and Trademark Office on October 24, 2017. The '633 Patent is valid and enforceable. A true and correct copy of the '633 Patent is attached hereto as Exhibit 12.

85.    Upon information and belief, Defendants have directly infringed and continue to directly infringe under 35 U.S.C. §§ 271 (a), literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 9,800,633, including at least claim 1, by performing each step of the claimed method and/or by directing or controlling the performance of such steps by third parties. Defendants, including without limitation through the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services using multiple content delivery networks ("CDNs"), including those of Amazon Web Services, offer, provide, maintain, operate, and administer optimized streaming video services that perform the steps of the claimed method either directly through their own actions, through the operation of equipment under their control, or through customers acting under conditions established and orchestrated by Defendants (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

86.    The Accused Products and Services satisfy all claim limitations of one or more claims of the '633 Patent. A claim chart comparing exemplary independent claim 1 of the '633 Patent to representative Accused Products and Services is attached as Exhibit 13.

87.    Defendants knowingly and intentionally induced infringement, and continue to do so, of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end

United States District Court
Central District of California

1   users to use the Accused Products and Services in a manner that directly infringes the
2   claimed method, literally and/or under the doctrine of equivalents, with knowledge of
3   the '633 Patent and intent that such infringement occur.  At least as of the filing and
4   service of this Complaint, Defendants have knowledge of the '633 Patent and the
5   infringing nature of the Accused Products and Services through, for example, the '633
6   Patent claim chart served herewith.   At present, Plaintiff does not allege that
7   Defendants induced infringement of the '633 Patent in violation of 35 U.S.C. § 271(b)
8   prior to the filing and service of this Complaint.

9        88.    Despite this knowledge of the '633 Patent, Defendants continue actively
10  encouraging and instructing their customers and end users (for example, through
11  online instruction materials on its website and materials cited in Exhibit 11) to use the
12  Accused Products and Services in ways that directly infringe the '633 Patent.  For
13  example, Defendants advertise the use of the Disney+, Hulu, Hulu+Live TV, ESPN+,
14  ESPN Select, ESPN Unlimited, and fuboTV video streaming services.  *See* Ex. 3
15  (https://help.disneyplus.com/article/disneyplus-en-us-introduction, "Getting started
16  with Disney+"); Ex. 4 (https://press.hulu.com/corporate/, "About Hulu"); Ex. 5
17  (https://help.hulu.com/article/hulu-what-is-hulu-live-tv, "Hulu + Live TV plans");
18  Ex. 6 (https://support.espn.com/hc/en-us/sections/13616798199188-Getting-Started,
19  "Getting Started"); Ex. 7 (https://support.fubo.tv/hc/en-us/articles/115003481307-
20  What-channels-are-available-on-Fubo).  Further, Defendants provide Disney+, Hulu,
21  Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming
22  users with instructions and user guides detailing how to setup, configure, and use the
23  Accused Products and Services to utilize the infringing functionality. *See* Ex. 8
24  (https://help.disneyplus.com/article/disneyplus-log-in, "How to watch Disney+ on
25  your TV"); Ex. 9 (https://help.hulu.com/article/hulu-download-hulu, "Download the
26  Hulu   app   on   your   device");   Ex.   10   (https://support.espn.com/hc/en-
27  us/articles/13624319373332-Troubleshooting-Playback-and-Streaming-Issues,
28  "Troubleshooting    Playback    and    Streaming    Issues");    Ex.    11

(https://support.fubo.tv/hc/en-us/articles/115002183228-What-devices-can-I-watch-Fubo-on).  Defendants provide these instructions, and other materials, knowing and intending (or with willful blindness to the fact) that Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming users will commit these infringing acts.  Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '633 Patent, thereby specifically intending for and inducing Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming users to infringe the '633 Patent through the users' normal and customary use of the Accused Products and Services.

89.    Defendants have also knowingly contributed to the infringement, and continue to do so, of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(c) by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this Complaint, Defendants have knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim chart served herewith.  For example, the accused optimized streaming video services constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 11.  At present, Plaintiff does not allege that Defendants contributed to infringement of the '633 Patent in violation of 35 U.S.C. § 271(c) prior to the filing and service of this Complaint.

90.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims

of the '633 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '633 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '633 Patent during the relevant time period or were not required to mark during the relevant time period.

91.    As a result of Defendants' direct infringement of the '633 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

92.    As a result of Defendants' indirect infringement of the '633 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '633 Patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 10,484,442

93.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

94.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,484,442, titled "Just-in-time distributed video cache."  The '442 Patent was duly and legally issued by the United States Patent and Trademark Office on November 19, 2019.  The '442 Patent is valid and enforceable.  A true and correct copy of the '442 Patent is attached hereto as Exhibit 14.

95.    Upon information and belief, Defendants have directly infringed and continue to directly infringe under 35 U.S.C. §§ 271 (a), literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,484,442, including

United States District Court
Central District of California

United States District Court
Central District of California

at least claim 1, by performing each step of the claimed method and/or by directing or controlling the performance of such steps by third parties. Defendants, including without limitation through the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services using multiple content delivery networks ("CDNs"), including those of Amazon Web Services, offer, provide, maintain, operate, and administer optimized streaming video services that perform the steps of the claimed method either directly through their own actions, through the operation of equipment under their control, or through customers acting under conditions established and orchestrated by Defendants (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '442 Patent pursuant to 35 U.S.C. § 271(a).

96.    The Accused Products and Services satisfy all claim limitations of one or more claims of the '442 Patent. A claim chart comparing exemplary independent claim 1 of the '442 Patent to representative Accused Products and Services is attached as Exhibit 15.

97.    Defendants knowingly and intentionally induced infringement, and continue to do so, of one or more claims of the '442 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '442 Patent and intent that such infringement occur. At least as of the filing and service of this Complaint, Defendants have knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442 Patent claim chart served herewith. At present, Plaintiff does not allege that Defendants induced infringement of the '442 Patent in violation of 35 U.S.C. § 271(b) prior to the filing and service of this Complaint.

98.     Despite this knowledge of the '442 Patent, Defendants continue actively encouraging and instructing their customers and end users (for example, through online instruction materials on its website and materials cited in Exhibit 13) to use the Accused Products and Services in ways that directly infringe the '442 Patent.  For example, Defendants advertise the use of the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services.  *See* Ex. 3 (https://help.disneyplus.com/article/disneyplus-en-us-introduction, "Getting started with Disney+"); Ex. 4 (https://press.hulu.com/corporate/, "About Hulu"); Ex. 5 (https://help.hulu.com/article/hulu-what-is-hulu-live-tv, "Hulu + Live TV plans"); Ex. 6 (https://support.espn.com/hc/en-us/sections/13616798199188-Getting-Started, "Getting Started"); Ex. 7 (https://support.fubo.tv/hc/en-us/articles/115003481307-What-channels-are-available-on-Fubo).  Further, Defendants provide Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, and ESPN Unlimited video streaming users with instructions and user guides detailing how to setup, configure, and use the Accused Products and Services to utilize the infringing functionality. *See* Ex. 8 (https://help.disneyplus.com/article/disneyplus-log-in, "How to watch Disney+ on your TV"); Ex. 9 (https://help.hulu.com/article/hulu-download-hulu, "Download the Hulu app on your device"); Ex. 10 (https://support.espn.com/hc/en-us/articles/13624319373332-Troubleshooting-Playback-and-Streaming-Issues, "Troubleshooting     Playback     and     Streaming     Issues");     Ex.     11 (https://support.fubo.tv/hc/en-us/articles/115002183228-What-devices-can-I-watch-Fubo-on).  Defendants provide these instructions, and other materials, knowing and intending (or with willful blindness to the fact) that Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming users will commit these infringing acts.  Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '442 Patent, thereby specifically intending for and inducing Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming

users to infringe the '442 Patent through the users' normal and customary use of the Accused Products and Services.

99.    Defendants have also knowingly contributed to the infringement, and continue to do so, of one or more claims of the '442 Patent in violation of 35 U.S.C. § 271(c) by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this Complaint, Defendants have knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442 Patent claim chart served herewith.  For example, the accused optimized streaming video services constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 13.   At present, Plaintiff does not allege that Defendants contributed to infringement of the '442 Patent in violation of 35 U.S.C. § 271(c) prior to the filing and service of this Complaint.

100.   On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '442 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '442 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '442 Patent during the relevant time period or were not required to mark during the relevant time period,

101.   As a result of Defendants' direct infringement of the '442 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a

reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

102.  As a result of Defendants' indirect infringement of the '442 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '442 Patent.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 10,375,444

103.  Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

104.  Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,375,444, titled "Partial video pre-fetch."  The '444 Patent was duly and legally issued by the United States Patent and Trademark Office on August 6, 2019.  The '444 Patent is valid and enforceable.  A true and correct copy of the '444 Patent is attached hereto as Exhibit 16.

105.  Upon information and belief, Defendants have directly infringed and continue to directly infringe under 35 U.S.C. §§ 271 (a), literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,375,444, including at least claim 1, by performing each step of the claimed method and/or by directing or controlling the performance of such steps by third parties.  Defendants, including without limitation through the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services using multiple content delivery networks ("CDNs"), including those of Amazon Web Services, offer, provide, maintain, operate, and administer services for playback of online content on user devise that perform the steps of the claimed method either directly through their

own actions, through the operation of equipment under their control, or through customers acting under conditions established and orchestrated by Defendants (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendants have injured Plaintiff and are liable for infringement of the '444 Patent pursuant to 35 U.S.C. § 271(a).

106. The Accused Products and Services satisfy all claim limitations of one or more claims of the '444 Patent. A claim chart comparing exemplary independent claim 1 of the '444 Patent to representative Accused Products and Services is attached as Exhibit 17.

107. Defendants knowingly and intentionally induced infringement, and continue to do so, of one or more claims of the '444 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '444 Patent and intent that such infringement occur. At least as of the filing and service of this Complaint, Defendants have knowledge of the '444 Patent and the infringing nature of the Accused Products and Services through, for example, the '444 Patent claim chart served herewith. At present, Plaintiff does not allege that Defendants induced infringement of the '444 Patent in violation of 35 U.S.C. § 271(b) prior to the filing and service of this Complaint.

108. Despite this knowledge of the '444 Patent, Defendants continue actively encouraging and instructing their customers and end users (for example, through online instruction materials on its website and materials cited in Exhibit 15) to use the Accused Products and Services in ways that directly infringe the '444 Patent. For example, Defendants advertise the use of the Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming services. *See* Ex. 3 (https://help.disneyplus.com/article/disneyplus-en-us-introduction, "Getting started

with Disney+"); Ex. 4 (https://press.hulu.com/corporate/, "About Hulu"); Ex. 5 (https://help.hulu.com/article/hulu-what-is-hulu-live-tv, "Hulu + Live TV plans"); Ex. 6 (https://support.espn.com/hc/en-us/sections/13616798199188-Getting-Started, "Getting Started"); Ex. 7 (https://support.fubo.tv/hc/en-us/articles/115003481307-What-channels-are-available-on-Fubo). Further, Defendants provide Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming users with instructions and user guides detailing how to setup, configure, and use the Accused Products and Services to utilize the infringing functionality. *See* Ex. 8 (https://help.disneyplus.com/article/disneyplus-log-in, "How to watch Disney+ on your TV"); Ex. 9 (https://help.hulu.com/article/hulu-download-hulu, "Download the Hulu app on your device"); Ex. 10 (https://support.espn.com/hc/en-us/articles/13624319373332-Troubleshooting-Playback-and-Streaming-Issues, "Troubleshooting Playback and Streaming Issues"); Ex. 11 (https://support.fubo.tv/hc/en-us/articles/115002183228-What-devices-can-I-watch-Fubo-on). Defendants provide these instructions, and other materials, knowing and intending (or with willful blindness to the fact) that Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite their knowledge of the '444 Patent, thereby specifically intending for and inducing Disney+, Hulu, Hulu+Live TV, ESPN+, ESPN Select, ESPN Unlimited, and fuboTV video streaming users to infringe the '444 Patent through the users' normal and customary use of the Accused Products and Services.

109. Defendants have also knowingly contributed to the infringement, and continue to do so, of one or more claims of the '444 Patent in violation of 35 U.S.C. § 271(c) by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '444 Patent, are especially made or

adapted to infringe the '444 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this Complaint, Defendants have knowledge of the '444 Patent and the infringing nature of the Accused Products and Services through, for example, the '444 Patent claim chart served herewith.  For example, the accused video content playback services constitute a material part of the inventions claimed in the '444 Patent, are especially made or adapted to infringe the '444 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 15.  At present, Plaintiff does not allege that Defendants contributed to infringement of the '444 Patent in violation of 35 U.S.C. § 271(c) prior to the filing and service of this Complaint.

110.   On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '444 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '444 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '444 Patent during the relevant time period or were not required to mark during the relevant time period,

111.   As a result of Defendants' direct infringement of the '444 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

112.   As a result of Defendants' indirect infringement of the '444 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, accruing as of the time Defendants obtained knowledge of the '444 Patent.

United States District Court
Central District of California

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.    A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '347, '633, '442, and '444 Patents under 35 U.S.C. §§ 271(a), (b) and (c);

b.    A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '347, '633, '442, and '444 Patents;

c.    A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

d.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

e.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

1

2      DATED: November 26, 2025            /s/ Scott E. Kolassa
3                                          Scott E. Kolassa (CA SBN 294732)
                                           skolassa@bclgpc.com
4                                          Brett E. Cooper (*pro hac vice* forthcoming)
                                           bcooper@bclgpc.com
5                                          Drew B. Hollander (*pro hac vice* forthcoming)
                                           dhollander@bclgpc.com
6                                          John F. Petrsoric (*pro hac vice* forthcoming)
                                           jpetrsoric@bclgpc.com
7
                                           **BC LAW GROUP, P.C.**
8                                          200 Madison Avenue, 24th Floor
9                                          New York, NY 10016
                                           Phone: 212-951-0100
10

11                                         Nancy M. Olson (CA SBN 260303)
                                           nolson@olsonstein.com
12                                         David M. Stein (CA SBN 198256)
13                                         dstein@olsonstein.com
                                           **OLSON STEIN LLP**
14                                         240 Nice Lane, #301
15                                         Newport Beach, CA 92663
                                           Phone: 310.916.7433
16
17                                         ***Attorneys for Tir Technologies Limited***
18

19

20

21

22

23

24

25

26

27

28

United States District Court
Central District of California